**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: Julie Contreras | ) | Case No. |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| | ) | **Judge:** |
| | ) | |
| | ) | **Magistrate:** |
| v. | ) | July Demand Requested |
| | ) | |
| Financial Recovery Services, Inc. | ) | |
| 4510 West 77th St., Suite 200 | ) | |
| Edina, MN 55435 | ) | |
| | ) | |
| Defendant | ) | |

_____

Now comes Plaintiff, by and through her attorneys, and, for her Complaint alleges as follows:

## **INTRODUCTION**

1. Plaintiff, Julie Contreras, brings this action to secure redress from unlawful collection practices engaged in by Defendant, LVNV Funding, LLC. (hereinafter "Cavalry"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. Debt Collectors are vicariously liable for violations of the FDCPA by other Debt Collectors acting on their behalf. *Janetos v. Fulton Friedman & Gullace, LLP,* 825 F.3d 317, (7th Cir. 2016)

3. A debt collection may not imply outcomes that are not legally able to come to pass. *Lox v. CDA*, *Ltd.*, 689 F.3d 818, 825 (7th Cir. 2012)

4. The Seventh Circuit has stated that "[w]hen language in a debt collection letter can reasonably be interpreted to imply that the debt collector will take action it has no intention or ability to undertake, the debt collector that fails to clarify that ambiguity does so at its peril." *Lox v. CDA*, *Ltd.*, 689 F.3d 818, 825 (7th Cir. 2012) (citing *Gonzales v. Arrow Financial Services,LLC, 660 F.3d 1055*, 1063 (9th Cir. 2011)).

5. In *Wilder vs. J.C. Christensen & Associates, Inc.* (Case No. 16-cv-1979) (N.D.IL 2016), the Court stated "literally true conditional language in a dunning letter can be deceptive if the action suggested is legally prohibited." *Id.*

6. The Sixth Circuit Court of Appeals stated "[I]f Plaintiff can show that interest or charges could never accrue and therefore the balance owed is truly fixed, then his claim should be allowed to go forward to determine if, under those circumstances, Defendants' letter was threatening or materially misleading." *Walker vs. Shermeta, Adams, Von Allment*, PC 623 F. App'x 764, 768 (6th Cir. 2015).

## JURISDICTION AND VENUE

7. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

8. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## STANDING AND INJURY

7. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

8. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.

9. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

## PARTIES

10. Plaintiff, (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household

uses (the "Debt").

11. The Plaintiff's name is Julie Contreras.
12. Plaintiff is a resident of the State of Illinois.
13. Defendant, Financial Recovery Services, Inc. (hereinafter "FRS".) ("Defendant"), is a Minnesota business entity with an address of 4510 West 77th Street, Suite 200, Edina, MN 55435 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).
14. Unless otherwise stated herein, the term "Defendant" shall refer to FRS.
15. At some point, the original creditor, transferred this debt to Defendant for debt collection.

**ALLEGATIONS**

16. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $600.76 (the "Debt") to an original creditor (the "Creditor")
17. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to Debt.
18. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).
19. On March 11, 2019, Defendant mailed an initial Plaintiff a collection letter. See Exhibit.
20. Plaintiff received said letter on or about March 15, 2019.
21. On the upper right hand of the letter, it states in capital letters "TOTAL BALANCE DUE: $600.76 See Exhibit
22. This debt is a static debt that is not under any circumstance able to be increased.
23. Yet, despite the fact stated in paragraph 21 of this Complaint, Defendant, by using the words-"[W]hile your account is with our

office, if you pay $600.76….your account will be considered paid in full"-is suggesting that the payment may increase if it is not with Defendant's subcontracted collection agency.

24. Defendant is misleading Plaintiff that this debt may increase, even though it will not.

**VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.**

25. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
26. The Defendants' conduct violated 15 U.S.C. Section 1692e by implying an outcome that could not legally come to pass.
27. Plaintiff is entitled to damages as a result of Defendants' violations.

**JURY DEMAND**

28. Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

29. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

(1) Statutory damages;

(2) Attorney fees, litigation expenses and costs of suit; and

(3) Such other and further relief as the Court deems proper.

        Respectfully submitted,
/s/ John Carlin
  John P. Carlin #6277222
  Suburban Legal Group, LLP
  1305 Remington Rd., Ste. C
  Schaumburg, IL 60173
  jcarlin@suburbanlegalgroup.com
  Attorney for Plaintiff